event. The complaint sets out a cause of action for breach of the covenant of quiet enjoyment, which is an implied covenant incident to every lease. The plaintiff also proved on the trial that there was such a breach. The landlord by making a new agreement with the subtenant, and having the subtenant attorn to him, ousted the plaintiff from possession as effectually as he could have been ousted by the execution of a warrant. (*MacGlashan* v. *Marvin*, 185 App. Div. 157.) Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ., concur.

RICHARD MURRAY, Respondent, v. BLACK AND WHITE TOWN TAXIS, INC., Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to reduce the recovery of damages to the sum of $1,500, in which event the judgment is modified accordingly, and as so modified the judgment and order are unanimously affirmed, without costs. Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ., concur.

LOUIS C. NEWMAN, Appellant, v. ROBINS DRY DOCK AND REPAIR COMPANY, Respondent.— Order dismissing complaint reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that the complaint, liberally construed in the interests of substantial justice, would admit evidence that the defendant was engaged in the performance of a maritime contract, viz., the repair of a steamship, and that, therefore, the Workmen's Compensation Law did not enter into the contract of employment of the plaintiff.* Blackmar, P. J., Kelly, Manning and Young, JJ., concur; Jaycox, J., dissents and votes to affirm on the opinion of Mr. Justice Kapper at Special Term.

JAMES J. O'BRIEN, Appellant, v. FRANCIS A. WEISBECKER, Respondent.— Order of the County Court of Queens county affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. REBECCA WANSKER, Appellant.— Judgment of conviction unanimously affirmed. No opinion. Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ., concur.

ABRAM B. SMART, Respondent, v. FRANK CORON, Appellant.— Judgment and order affirmed, with costs. No opinion. Blackmar, P. J., Jaycox, Manning and Young, JJ., concur; Kelly, J., dissents and votes to reverse upon the authority of *Volosko* v. *Interurban St. R. Co.* (190 N. Y. 206).

CATHERINE STANLEY, Respondent, v. WILLIAM J. HELD, Appellant, and Others, Defendants.— Order reversed upon the facts, with costs, and motion denied, without costs. No opinion. Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ., concur.

ALBERT JOSEPH BOOKER, INC., Respondent, v. ALBERT E. BURR, Appellant.— Motion to dismiss appeal denied, without costs. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ.

BENNY GREGONIS, Respondent, v. PHILADELPHIA AND READING COAL AND IRON COMPANY, Appellant.— Motion to resettle order denied, without costs. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ.

In the Matter of the Application of MORGAN J. O'BRIEN and Others, as Executors, etc., of JOHN D. CRIMMINS, Deceased, for a Peremptory Writ of

---

* See 117 Misc. Rep. 426; Code Civ. Proc. § 519; now Civ. Prac. Act, § 275.— [REP.

Mandamus, etc. Potter Avenue, Borough of Queens, City of New York.— Motion denied, without costs. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ.

In the Matter of the Application of MORGAN J. O'BRIEN and Others, as Executors, etc., of JOHN D. CRIMMINS, Deceased, for a Peremptory Writ of Mandamus, etc. Woolsey Avenue, Borough of Queens, City of New York.— Motion denied, without costs. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ.

In the Matter of the Application of LOUIS WINER for Admission to the Bar.— Application granted. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ.

FRANK OLIVE, Plaintiff, v. MAX LEVY, etc., and Others, Defendants. HOWARD O. PATTERSON, Respondent, v. DAVID J. KATZ and Others, Appellants. JESSIE M. McCURDY, Plaintiff, v. MAX LEVY, etc., and Others, Defendants. HOWARD O. PATTERSON, Respondent, v. DAVID KATZ and Others, Appellants.— Motion for reargument denied. This court did not intend to stay the proceedings in the Municipal Court. It is directed that the orders be resettled accordingly. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ. Settle order on notice before Mr. Justice Manning.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN SULVO and Others, Appellants.— Motion for reargument denied. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Young, JJ.

SYDNEY S. SIMONS, Respondent, v. CHARLES A. BURNS, Appellant.— Motion for stay granted, without costs. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ.

EMIL J. STEHLI, Appellant, v. TOWN OF OYSTER BAY, Respondent.— Motion for stay granted, without costs. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ.

JOHN WILKS, Appellant, v. UNITED MARINE CONTRACTING CORPORATION, Respondent.— Motion granted in so far as to state that the reversal was upon the law. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ. Settle order on notice.

JENNIE FREER, Respondent, v. HARRY HOWARD, Sued as HENRY HOWARD, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Kelly, Jaycox, Manning and Kelby, JJ.

In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening and Extending of Rockaway Boulevard etc., Borough of Queens, City of New York. PENN OIL COMPANY, INC., Appellant; THE CITY OF NEW YORK and Others, Respondents.— Final order in so far as appealed from concerning awards to the tenant affecting parcels 2 and 3 on the damage map, reversed upon the law, and new trial granted, without costs. As between landlord and tenant the improvements were personalty; as between the tenant and the city they were realty. (*Jackson* v. *State of New York*, 213 N. Y. 34; *Matter of Post Office Site in Borough of The Bronx*, 210 Fed. Rep. 832; *Matter of City of New York* [*Avenue A*], 66 Misc. Rep. 488, 511, 515.) We see no reason to disturb the findings of the learned trial judge as to the value of the property taken without the improvements. On a new trial additional damages